DECISION AND ORDER
SIRAGUSA, District Judge.
INTRODUCTION
This is an action pursuant to the Employee Income Retirement Security Act (ERISA) 29 U.S.C. 1001 et seq. The following motions are now before the Court: 1) a motion [# 79] by defendants ENI, Inc. Long Term Disability Plan (“the Plan”) and ENI Technology, Inc. (“ENI”), to dismiss plaintiffs Second Amended Complaint; and 2) a motion [# 86] by defendant First Reliance Standard Life Insurance Company (“First Reliance”) for summary judgment against plaintiff and for dismissal of the cross-claim by ENI pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, the motion by ENI and the Plan is denied in its entirety, and First Reliance’s motion is denied as to plaintiff but granted as to ENI. Moreover, plaintiff is granted summary judgment as to liability only on her first cause of action, and is granted summary judgment on her second, third, and fourth causes of action.
MOTION TO DISMISS/SUMMARY JUDGMENT STANDARD
It is well settled that in determining a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for “failure to state a claim upon which relief can be granted,” a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmov-ing party. Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir.1999). The Court “may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Id. (internal quotations omitted)(citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).
If, on a motion to dismiss, “matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent *226 to such a motion by Rule 56.” Fed. R. Civ. P. 12(c).
The standard for granting summary judgment is also well established. Summary judgment may not be granted unless “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.CivP. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. See, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). “[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied.” IT Moore’s FedeRal PRACTICE, § 56.11[l][a] (Matthew Bender 3d ed.). Once that burden has been established, the burden then shifts to the non-moving party to demonstrate “specific facts showing that there is a genuine issue for trial.” Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To carry this burden, the non-moving party must present evidence sufficient to support a jury verdict in its favor. Id. at 249, 106 S.Ct. 2505. The parties may only carry their respective burdens by producing evi-dentiary proof in admissible form. Fed. R. Civ. P. 56(e). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Summary judgment is appropriate only where, “after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party.” Leon v. Murphy, 988 F.2d 303, 308 (2d Cir.1993).
While in the instant case, plaintiff did not file a cross-motion for summary judgment, it is well settled that
summary judgment may be rendered in favor of the opposing party even though he has made no formal cross-motion under Rule 56. A motion for summary judgment searches the record. If undisputed facts are found which, when applied to the law, indicate that judgment against the moving party is appropriate, Rule 56(c) will operate to grant summary judgment in favor of the non-moving party.
Dempsey v. Town of Brighton, 749 F.Supp. 1215, 1220 (W.D.N.Y.1990) (citations omitted), affirmed sub. nom Curenton v. Town of Brighton, 940 F.2d 648 (2d Cir.1991), cert denied, 502 U.S. 925, 112 S.Ct. 338, 116 L.Ed.2d 278 (1991).
BACKGROUND
Defendant ENI Technology, Inc. is the sponsor of an employee welfare benefit plan to provide disability insurance for its employees. In that regard, ENI contracted with defendant First Reliance Standard Life Insurance Company to provide long-term disabihty benefits to the Plan’s participants. Plaintiff Terry R. Sunderlin is an employee of ENI and a participant in the Plan. In November 1995, plaintiff became disabled and began receiving disabihty benefits. In June 1996, plaintiff returned to work at ENI on a part-time basis. On May 25, 1999, First Reliance denied plaintiff any further benefits. At the suggestion of her doctor, plaintiff then retained an attorney and sought to appeal the denial of benefits by First Reliance. Before filing an appeal, plaintiffs counsel requested, on June 30, 1999 and August 10, 1999, that First Rehance provide him *227 with certain Plan documents, but First Reliance did not.
On July 22, 1999, First Reliance informed plaintiffs counsel that the Plan administrator was Linda Almekinder, an employee of ENI. On July 27, 1999, plaintiffs counsel wrote to Ms. Almekinder, requesting a copy of the Summary Plan Description (“SPD”). This letter was returned, with a notation that Ms. Almekin-der no longer worked at ENI. On July 27, 1999, plaintiffs counsel again wrote to ENI, requesting a copy of the SPD. Plaintiffs letter expressly stated that it was a “request for a copy of the Plan’s Summary Plan Description.” (Perticone Affidavit, Exhibit 2). On August 9, 1999, ENI sent plaintiffs counsel a copy of the disability insurance policy issued by First Reliance. The insurance policy is the only document which plaintiff ever received in response to her request for a summary plan description.
On August 25, 1999, plaintiff filed an appeal with First Reliance. Under the terms of the policy, First Rebanee was required to render a decision within 60 days. (Amended Complaint [# 36], ¶ 24). However, First Reliance never issued a decision.
On November 23, 1999, plaintiff again requested that First Reliance provide Plan documents. On December 15, 1999, First Reliance sent plaintiff an incomplete copy of the disability insurance policy issued to ENI. Subsequently, on February 16, 2001, counsel for First Reliance wrote to plaintiffs counsel and stated: “With respect to the plan summary, the employer used the certificate booklet prepared by First Reliance as the summary plan description. The booklet is in storage and will be provided when it is retrieved.” (Hulslander Letter dated 2/16/01). First Reliance has never produced such a booklet.
On June 6, 2000, plaintiff commenced this action. Plaintiffs initial complaint named First Reliance and an insurance policy, but not the Plan, as defendants. Subsequently, plaintiff filed an Amended Complaint [# 36], which named both First Reliance and the Plan as defendants, and alleged four causes of action. The first was against First Reliance “for violation of 29 U.S.C. § 1132(a)(1)(B) to recover benefits due Plaintiff under the terms of her plan.” (Amended Complaint [# 36], p. 4). Plaintiff alleged that First Reliance wrong-fuby denied her benefits “from April 10, 1999 through the present.” {Id., ¶ 32). The second cause of action alleged that First Reliance violated 29 U.S.C. § 1132(c) by failing and refusing to provide her with the Plan information she had requested. The third cause of action sought an injunction against the Plan, pursuant to 29 U.S.C. § 1132(a)(3)(A), on the grounds that it “has a demonstrated history of administering its claims procedure in a way which is unreasonable and in willful violation of the minimal protections provided by ERISA.” The fourth cause of action sought a declaratory judgment, pursuant to 29 U.S.C. § 1132(a)(1)(b), clarifying plaintiffs rights to future benefits. Specifically, she sought a determination that she was entitled to receive long-term disabibty benefits under the Plan “until the end of the maximum benefits period, March 26, 2022, provided that she remains disabled and meets all other provisions of the group pohey.” {Id., ¶ 53). The Amended Complaint also demanded costs and attorneys’ fees.
First Reliance and the Plan moved for summary judgment. In connection with these motions, the parties appeared before the undersigned on March 7, 2002. At that time, First Reliance indicated that it had lost plaintiffs claim file, and had therefore decided to resume making pay *228 ments under the disability policy.[1] First Reliance stated it had tendered a check to plaintiff for the full amount of back payments owed to her, in the amount of $ 28,-062.50. First Reliance admitted that it had previously miscalculated the amount owed as being only $23,000. Plaintiffs counsel indicated that he did not understand how First Reliance had calculated the amount of back payment, and, as to the front payments, stated that First Reliance was deducting monies from plaintiffs monthly checks without explanation.
During that same court appearance, the Court asked plaintiff what she demanded to settle the action, and she requested: 1) that First Reliance arrange to have a Certified Public Accountant certify that the dollar amounts First Reliance was proposing to pay were accurate under the terms of the policy; 2) that plaintiff be provided with a SPD; 3) 50% of the maximum discretionary penalty under 29 U.S.C. § 1132(c)(1)(B) for failing to provide the SPD; 4) that First Reliance create a claim file for plaintiff, and continue to pay her benefits for as long as she remained entitled to receive them; 5) a corrected W-2 statement; and 6) disbursements of approximately $1,700. Plaintiff finally indicated that if First Reliance would comply with demands 1, 4, and 5 above, that she would settle the action as to First Reliance, and First Reliance agreed to meet those demands. (Id., pp. 32, 39-40). The Court then directed counsel for plaintiff and First Reliance to submit a settlement agreement within 30 days. (Id. p. 40).
As to the remaining claims against the Plan, the Plan maintained that it had sent plaintiff a “booklet,” which had all the information required of a summary plan description pursuant to 29 U.S.C. § 1022. Despite plaintiffs counsel’s insistence that all he had received was an insurance policy, counsel for the Plan and ENI steadfastly maintained that what ENI had sent to plaintiff was a “certificate booklet,” not the insurance policy. (Transcript of 3/7/02 appearance, pp. 16-17). After reviewing the document, the Court stated that what plaintiff received was an insurance policy, not a booklet. (Id. at 18). The Court further noted, “I think it’s fair to say that for a long time plaintiff has been misled by who was the plan administrator and who wasn’t.” (Id. at 22). Nonetheless, the Plan maintained that it had complied with plaintiffs demand for an SPD, and was therefore entitled to judgment as a matter of law. The parties then agreed that plaintiff would file a second amended complaint, adding a cause of action against ENI, the sponsor and administrator of the plan, for its failure to provide her with the SPD. (Id., pp. 40-41).[2] It was further agreed that ENI would then file a motion to dismiss the second amended complaint, which the Court would convert to a motion for summary judgment.
Accordingly, on March 14, 2002, plaintiff filed a second amended complaint, adding ENI as a defendant. On April 19, 2002, *229 ENI and the Plan filed a motion [# 79] to dismiss the second amended complaint. Significantly, in support of that motion, ENI and the Plan now admit, for the first time, that the document provided to plaintiff was an insurance policy, not some other type of “booklet.” (Perticone Affidavit [# 80], ¶ 7)(“On August 9, 1999, ENI responded to Ms. Sunderlin’s attorney’s letter by providing her with a copy of the insurance policy that ENI uses as the summary plan description for the Plan”)
On April 11, 2002, counsel for First Reliance wrote to the Court regarding the status of settlement negotiations with the plaintiff. First Reliance’s counsel, Mr. Hulslander, indicated that First Reliance had provided plaintiff with a certification by a CPA, and with a corrected W-2 statement. However, he indicated that plaintiffs counsel had increased his demand to include payment for the cost of serving the summons and complaint, and attorneys’ fees. First Reliance’s counsel indicated that First Reliance was willing to pay the cost of service if plaintiff would give up her demand for attorneys’ fees. As an aside, the Court does not understand why the parties were negotiating over the cost of service, since the Court had already found First Rebanee liable for the cost of service in an earlier Order [# 35].
On May 2, 2002, ENI filed a cross-claim [# 83] against First Rebanee, for contribution and indemnity. The cross-claim alleges that “First Reliance has a duty of contribution and indemnification for any and all sums paid by ENI pursuant to a judgment in the Sunderlin Action and for any and all costs and fees paid by ENI in the defense of the Sunderbn Action.” (Cross-claim [# 83], ¶ 15).
On May 23, 2002, the parties again appeared before the undersigned after appearing before Magistrate Judge Feldman for a settlement conference. Plaintiffs counsel indicated that plaintiff and First Reliance had not finalized the settlement agreement, and that he was seeking attorneys’ fees, in addition to the demands he had made on March 7, 2002. One of the problems hindering settlement was that, although First Reliance had previously represented that the correct amount owed to plaintiff for back payments was $ 28,-062.50, it had subsequently demanded repayment of $821.01 of that amount. The parties were not able to reach settlement.
On June 7, 2002, First Reliance filed a motion for summary judgment, on the grounds that First Reliance and plaintiff settled all claims during the court appearance on March 7th. In response to that motion, plaintiff maintains that she and First Reliance have never finalized a settlement, and that, in fact, First Reliance has not made any payments to her since June 10, 2002. First Reliance further maintains that ENI’s cross-claim should be dismissed, since ENI’s liability is solely the result of ENI’s failure to comply with ERISA.
Oral argument on these motions was scheduled for September 26, 2002, however, due to the Court’s involvement with a lengthy criminal trial, oral argument was rescheduled. On October 11, 2002, counsel for all parties appeared before the undersigned. The Court has thoroughly considered the parties’ submissions and the arguments of counsel.
ANALYSIS
As the Court indicated to all counsel on March 7, 2002, it is converting the motions to dismiss under Fed.R.Civ.P. 12(b)(6) into motions for summary judgment under Rule 56.[3] In ruling on the subject mo *230 tions, therefore, the Court has considered the entire record in this matter.
Plaintiffs Claim for Benefits Against First Reliance
Plaintiffs first cause of action is against First Reliance, pursuant to 29 U.S.C. § 1132(a)(1)(B), which states that a civil action may be brought by a plan participant or beneficiary, “to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.”
First Reliance contends that it is entitled to summary judgment against plaintiff, because plaintiff already agreed to settle her claims against First Reliance during the court appearance on March 7, 2002. The Court disagrees. It is clear that when the parties appeared before the Court on March 7, 2002, plaintiff and First Reliance appeared to be in agreement generally regarding terms of settlement. However, the settlement was not finalized. Rather, the Court instructed plaintiff and First Reliance to continue negotiating, and to inform the Court when they were able to finalize their agreement. That never happened, and plaintiff maintains that First Reliance has not followed through on its agreement. For example, although First Reliance represented on March 7th that plaintiff was entitled to $28,062.50 for back benefits, it subsequently demanded repayment of $821.01 of that amount. Moreover, plaintiff contends that First Reliance still has not explained the significance of disclaimers that it has placed on its checks, how it calculated interest on the back payment, why the amount of the monthly checks continues to fluctuate, or why it has stopped withholding federal income taxes from her payments. Plaintiff also indicates that First Reliance has not fulfilled its promise to create a new claim file for plaintiff, to replace the file it lost. During oral argument before this Court on October 11, 2002, counsel for First Reliance admitted that he did not know whether or not First Reliance had created a claim file. As to that, the Court notes, with strong disapproval, the misstatement contained in First Reliance’s Rule 56 Statement of Facts, that a new claim file had been created. (First Reliance’s Statement of Facts [# 87], ¶¶ 5-6). Therefore, First Reliance’s motion for summary judgment is denied.
On the other hand, the Court finds that plaintiff is entitled to summary judgment, since First Reliance admits that plaintiff is entitled to receive both back benefits and future benefits.[4] The only issue of fact is the amount of damages. Therefore, the Court finds that plaintiff is entitled to summary judgment on the first cause of action, as to liability. By separate Order, the Court will schedule discovery, if necessary, and a hearing, on the issue of damages.
Plaintiffs Claim against ENI Regarding the Summary Plan Description
Plaintiffs second cause of action is solely against ENI, for failing to provide a summary plan description. 29 U.S.C. § 1024(b)(4) requires that “[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description.” The first issue is whether or not the document which ENI gave to plaintiff is a summary plan description. The Court finds that it is not.
*231 ERISA, 29 U.S.C. § 1022, pertains to summary plan descriptions, and provides:
(a) A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in section 1024(b) of this title. The summary plan description shall include the information described in subsection (b) of this section, shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan.
******
(b) The summary plan description shall contain the following information: The name and type of administration of the plan; ... the name and address of the person designated as agent for the service of legal process, if such person is not the administrator; the name and address of the administrator; names, titles, and addresses of any trustee or trustees (if they are persons different from the administrator); ... the plan’s requirements respecting eligibility for participation and benefits; ... circumstances which may result in disqualification, ineligibility, or denial or loss of benefits; the source of financing of the plan and the identity of any organization through which benefits are provided; the date of the end of the plan year and whether the records of the plan are kept on a calendar, policy, or fiscal year basis; the procedures to be followed in presenting claims for benefits under the plan including the office at the Department of Labor through which participants and beneficiaries may seek assistance or information regarding their rights under this chapter and the Health Insurance Portability and Accountability Act of 1996 with respect to health benefits that are offered through a group health plan (as defined in section 1191b(a)(l) of this title) and the remedies available under the plan for the redress of claims which are denied in whole or in part (including procedures required under section 1133 of this title).
29 U.S.C. § 1022 (emphasis added). Section 1133, referred to above, requires that:
In accordance with regulations of the Secretary, every employee benefit plan shall-
(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate fiduciary of the decision denying the claim.
29 U.S.C. § 1133. ERISA’s regulations add that summary plan descriptions “will usually require the limitation or elimination of technical jargon and of long, complex sentences, the use of clarifying examples and illustrations, the use of clear cross references and a table of contents.” 29 C.F.R. § 2520.102-2.
Applying the foregoing principles to the instant case, it is clear that the insurance policy which ENI provided to plaintiff is not a summary plan description. The policy does not contain the name of the plan, the name or address of the person designated to receive service of legal process, or the name of the plan administrator. The policy does not mention, let alone describe, any remedies for seeking redress of denied claims. Further, the policy is not written in a clear, easy-to-read manner, but rather, uses technical jargon, which it attempts to *232 explain by a page and a half of definitions. Clearly, the policy is not written for plan participants, but is directed toward the plan sponsor/administrator. (Policy, p. 1: “The Policyholder and any subsidiaries, divisions or affiliates are referred to as ‘you,’ ‘your’ or ‘yours’ in this Policy.”) As a result, the policy would be misleading to plan participants. For example, although plan participants are not required to pay premiums, the policy indicates that the reader must pay premiums in order to obtain coverage. (Id., p. 5.0: “If you pay the entire Premium due for an Eligible Person, the insurance for such Eligible Person will go into effect on the Individual Effective Date, as shown on the schedule of benefits page.”)(emphasis added). Further, the policy also does not contain any clarifying examples or illustrations.
Despite all of this, ENI maintains that the policy “contained all of the items significant with respect to plaintiffs claim and appeal.” (ENI’s Memo in Support of Motion for Summary Judgment [# 81], p. 7). This statement by ENI is astonishing, since the policy is silent regarding appeals. Moreover, as for filing a claim, the policy states only that, “[w]ritten proof must be given to us within thirty-one (31) days after a Total Disability covered by this Policy occurs, or as soon as reasonably possible. The notice should be sent to us at our Office or to our authorized agent.” (Policy, unnumbered page between pages 3.0 and 5.0). Unfortunately, the policy does not identify any authorized agent, and the only address given for First Reliance is “Company Home Office: New York, New York.” ENI’s contention is further belied by the fact that even ENI is not aware of the plan’s claim procedures. For example, although ENI possesses a copy of the policy, it has denied knowing the procedures which First Reliance is required to follow in evaluating disability claims. (ENI Plan’s Answer to the Amended Complaint [# 52], ¶ 24). Moreover, ENI recently had to write to First Reliance to obtain information regarding First Reliance’s claims procedure, for use in preparing a summary plan description for plaintiff. (See, Bousquette Letter to the Court dated October 10, 2002).[5]
Nonetheless, ENI insists that it did not violate ERISA, since it promptly provided plaintiff with the only document that it had. This argument also fails, since this Court concurs with the holding of Jackson v. E.J. Brach Corp., 937 F.Supp. 735, 740 (N.D.Ill.1996), wherein the court stated:
If ... documents do not exist at the time of a request, it is consistent with the aims of ERISA to impose a penalty on the plan administrator for every day that he fails to provide the document to the participant who requested it. There is nothing keeping the administrator from preparing a mandatory document where none previously existed, and it is his burden upon threat of penalty to do so.
Accord, Cline v. Indus. Maintenance Eng’g & Contracting Co., 200 F.3d 1223, *233 1234 (9th Cir.2000)(citing Jackson v. E.J. Brach Corp.).
Having found that ENI violated 29 U.S.C. § 1024(b)(4), the Court must now decide whether to impose a penalty on ENI for its failure to provide plaintiff with a summary plan description. The Court finds that, for the following reasons, a fine should be imposed. ERISA and its regulations provide that a plan administrator who fails to mail requested information, which he or she is obligated by ERISA to provide, to a plan participant or beneficiary within 30 days of a request “may in the court’s discretion be personally liable to such participant or beneficiary in the amount of up to $[110] a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.” 29 U.S.C. § 1132(c)(1)(B); 29 C.F.R. § 2575.502c-l.[6] The Second Circuit has held that “the ultimate assessment of penalties is a discretionary matter for the district court. In assessing a claim for penalties, courts have considered various factors, including bad faith or intentional conduct on the part of the administrator, the length of the delay, the number of requests made and documents withheld, and the existence of any prejudice to the participant or beneficiary.” Devlin v. Empire Blue Cross and Blue Shield, 274 F.3d 76, 90 (2d Cir.2001) (citation omitted).
ENI contends that it cannot be liable for a monetary fine, since there is no evidence of bad faith or prejudice to plaintiff. However, that is not the law in this Circuit. In Yoon v. Fordham Univ. Faculty and Admin. Retirement Plan, 263 F.3d 196, 204 n. 11 (2d Cir.2001), the Second Circuit noted that, as yet, it is unclear in this Circuit whether prejudice and bad faith are prerequisites to recovery under Section 1132(c)(1)(B), although it further observed that, “we have said that in the absence of prejudice, it was not an abuse of discretion for a district court to decline to award penalties.” Other Courts in this circuit have held that neither bad faith nor prejudice are prerequisites to liability under 29 U.S.C. § 1132(c)(1), but are only factors to be considered along with the other factors listed above. See, Proujansky v. Blau, Nos. 92 Civ. 8700(CSH), 86013, 2001 WL 963958 at *13 (S.D.N.Y. Aug. 22, 2001)(Noting, however, that “a total absence of proof of both bad faith and prejudice may result in the denial of statutory penalties.”); McConnell v. Costigan, No. 00 Civ. 4598(SAS), 2002 WL 1968336 at *2 (S.D.N.Y. Aug. 23, 2002)(“[V]irtually all appellate courts agree that a plan participant need not allege prejudice to be entitled to a statutory penalty.”) (citations omitted).
In any event, the Court finds that ENI has acted with bad faith. Most notably, throughout most of this litigation, ENI has falsely claimed that it provided plaintiff with a “booklet” explaining her benefits, not an insurance policy. In sworn affidavits and other submissions, ENI has mis-eharacterized the insurance policy as both a “booklet” explaining plaintiffs benefits and as an actual summary plan description. {See, e.g., ENI Reply Memorandum [# 72], p. 5)(“The uncontroverted facts show that plaintiff requested a summary plan description and one was sent to her within two weeks.”).[7] During oral argument before this Court on March 7, 2002, ENI disputed plaintiffs counsel’s sworn statement that he had received only an *234 insurance policy, and insisted that it had sent a separate booklet explaining the insurance policy. (Transcript of March 7, 2002 appearance, pp. 19-20)[8]. Only recently has ENI admitted that it sent plaintiff only an insurance policy.[9]
Similarly, throughout this litigation, ENI has refused to admit that it is the Plan administrator. ENI admits it is the plan sponsor. (Notice of Motion [# 58], Statement of Facts, ¶ 4). However, ENI refuses to admit, without reservation, that it is the plan administrator. (See, ENI Mem. of Law [# 81], p. 4, filed on April 19, 2002)(“Although there has been no factual evidence naming ENI as the plan administrator, for purposes of this Motion only, defendants take plaintiffs allegations as true, and plaintiff has alleged ENI is the plan administrator.”)[10] During one oral argument, the Court practically had to drag the admission, which even then was equivocal, from ENI’s counsel that ENI, as the plan sponsor, was also the plan administrator.(£ee, Transcript of March 7, 2002 Appearance, pp. 6-8 (“Ms. Bous-quette [counsel for ENI]: We agree First Reliance is not the plan administrator.... I think that responsibility would fall to the company [ENI].”)(emphasis added). ENI’s conduct in this regard is baffling, since, under the facts of this case, 29 U.S.C. § 2002(16)(A)(ii) clearly indicates that ENI, as the plan sponsor, is also the plan administrator. As a result of the foregoing, ENI has unnecessarily hindered the resolution of this action, and has failed to act in good faith.
The Court also finds that plaintiff was prejudiced by ENI’s actions. At the very least, plaintiff has “suffered harm in the form of distress and frustration with her inability to discover ... information about the Plan[ ], and in being compelled to retain counsel and initiate this lawsuit in order to receive information to which she was unquestionably entitled.” Pagovich v. Moskowitz, 865 F.Supp. 130, 138 (S.D.N.Y.1994). As for the additional factors to be considered, the length of the delay has been significant, and the document sought is obviously of vital importance to a plan participant. Moreover, with regard to the number of requests made, the Court considers not only plaintiffs two requests in 1999, but also the fact that, throughout this litigation, plaintiff has been demanding a summai-y plan description, which ENI has refused to provide. (See, e.g., *235 Transcript of March 7, 2002 appearance, pp. 26-27).
Considering all of these factors, the Court finds that a fine of $15 per day is appropriate. This fine is within the range of fines imposed by other courts in this circuit. See, McConnell v. Costigan, 2002 WL 1968336 at *5 (Imposing a fine of only $10 per day, in part because plaintiff “did not request the information entirely in good faith.”); Proujansky v. Blau, 2001 WL 963958 at *14 (Imposing a fine of $20 per day); Scarso v. Briks, 909 F.Supp. 211, 215 (S.D.N.Y.1996)(Imposing a fine of $50 per day where defendant “made no meaningful attempt” to provide the requested documents); Pagovich v. Moskowitz, 865 F.Supp. 130, 138 (S.D.N.Y.1994)(Imposing a fine of $75 per day where defendant’s actions were “deplorably raw.”). Plaintiff demanded a summary plan description on July 27, 1999, and has never received one. Therefore, as of the date of this decision, and taking into account the 30-day grace period in the statute, ENI has delayed providing an SPD for a total of 1165 days. This results in a total fine of $17,475.00. ENI is directed to pay that amount to plaintiffs counsel within 20 days of the date of this Decision and Order.
Plaintiffs Claim for Injunctive Relief
Plaintiffs third cause of action seeks an injunction, pursuant to 29 U.S.C. § 1132(a)(3)(A), enjoining both First Reliance and ENI from violating “any provision of ERISA Subtitle B or the terms of the plan.” Despite this sweeping demand for relief, plaintiff cites only four specific ERISA violations, namely, that: 1) First Reliance improperly terminated her benefits; 2) First Reliance failed to provide a review of its denial of benefits; 3) First Reliance lost her claim file; and 4) ENI failed to provide her with an SPD. As for the first two of these violations, the Court finds that plaintiffs demand for injunctive relief is moot, since First Reliance has now agreed to reinstate plaintiffs benefits. Moreover, as indicated below, First Reliance has agreed that it will continue to pay plaintiff benefits, provided that she remains disabled. As for the third violation, First Reliance has agreed to create a new claim file to replace the one it lost, although it has yet to provide proof that it has done so. As for the fourth violation above, ENI indicates that it is already in the process of preparing a summary plan description for plaintiff.
There being no real objection to the relief sought, the Court hereby directs as follows. First, if it has not already done so, First Reliance is directed to create a new claim file, and to provide proof of its creation, in the form of an affidavit from First Reliance’s counsel, James W. Cunningham, Esq., to plaintiffs counsel, within ten days of the date of this Decision and Order. Further, the Court hereby directs that ENI provide plaintiff with a completed summary plan description within 20 days of the date of this Decision and Order.[11] In that regard, First Reliance is also ordered to inform ENI’s counsel, in writing, of the procedures in place for the presentation and review of claims under the subject disability insurance policy, within ten days of the date of this Decision and Order.
Plaintiffs Claim for a Declaratory Judgment
Plaintiffs fourth cause of action seeks a declaratory judgment, pursuant to *236 29 U.S.C. § 1132(a)(1)(B), clarifying “Plaintiffs rights to future benefits under the terms of the Plan.”(Second Amended Complaint, p. 7, ¶ 64). As to that, First Reliance acknowledges that it is contractually obligated to pay benefits to plaintiff, provided that she continues to meet the policy’s eligibility requirements, for as long as it remains obligated to pay under the policy. To that extent, the Court hereby grants summary judgment to plaintiff on her fourth cause of action.
Attorney’s Fees
Defendants contend that plaintiff is not entitled to attorney’s fees. However, plaintiff has not yet submitted an application for attorney’s fees. Plaintiff may submit an application for attorney’s fees and costs after the completion of hearing on the issue of damages relating to the first cause of action.
First Reliance’s Motion to Dismiss ENI’s Cross-Claim
Plaintiff commenced this action on June 6, 2000. Plaintiff did not add the Plan as a defendant until March 12, 2001. Plaintiff did not add ENI as a defendant until March 14, 2002. By its express terms, the cross-claim is being asserted only by ENI, not the Plan. (Cross-claim [# 83]). As ENI’s counsel has previously indicated, the Plan and the plan administrator are distinct entities.[12] The only relief being sought against ENI, in the Amended Complaint, pertains to ENI’s failure, as the plan administrator, to provide plaintiff with a summary plan description. (See, Amended Complaint [# 76], ¶¶ 23-24, 32, 42-47, 49-50, 58, 62).
Nonetheless, in its cross-claim, ENI seeks contribution and indemnification from First Reliance. Specifically, ENI contends that, “First Reliance has a duty of contribution and indemnification for any and all sums paid by ENI pursuant to a judgment in [this action] and for any and all costs and fees paid by ENI in the defense of [this action.]” (Cross-claim [# 83], ¶ 15). ENI claims to be entitled to relief under both ERISA and state contract law. First Reliance has moved to dismiss the cross-claim in its entirety. For the reasons that follow, the Court finds that the cross-claim must be dismissed.
First Reliance contends that ENI’s ERISA cross-claim must be dismissed for two reasons. First, because there is “no basis” for contribution or indemnity claims under ERISA, and second, because any liability which ENI may face under 29 U.S.C. § 1132(c) is solely the result of ENI’s own failure to prepare a proper SPD. (Cunningham Affidavit [# 88], ¶¶ 6, 8-9; First Reliance memo of Law [# 90], pp. 5-6, 8-9). The Court disagrees with this first ground for dismissal, since the courts in this circuit do recognize claims for contribution and indemnification under ERISA. Although ERISA “created no explicit cause of action for contribution or indemnity,” the Second Circuit has held that Congress intended the federal courts, in interpreting ERISA, to “develop a federal common law of rights and obligations guided by principles of trust law.” Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d at 240. (citation and internal quotations omitted). In doing so, the Circuit Court held that under ERISA, a breaching fiduciary is entitled to contribution and indemnification [13] in accordance with principles *237 of trust law. Id. at 241.[14]
Nonetheless, the Court agrees that ENI has failed to state a claim under ERISA. The Restatement of Trusts 2d, § 258 (1959), states that, “where two trustees are liable to the beneficiary for a breach of trust, each of them is entitled to contribution from the other, except that ... if one of them is substantially more at fault than the other, he is not entitled to contribution from the other but the other is entitled to indemnity from him.” Here, ENI’s only liability for damages to plaintiff comes as a result of ENI’s own failure to provide a SPD. Therefore, ENI has not pled a claim for common law indemnification or contribution under ERISA, since it does not claim that First Reliance is at fault for failing to provide plaintiff with a SPD. That is, ENI does not claim that it was one of First Reliance’s fiduciary duties to provide the SPD. The responsibility to provide a summary plan description lies solely with the plan administrator, or if there is none designated, with the plan sponsor. It is not the responsibility of the other plan fiduciaries. Lee v. Burkhart, 991 F.2d 1004, 1010 (2d Cir.1993). Nor is there any merit to ENI’s argument that, but for First Reliance’s breach of a separate fiduciary duty, i.e., the duty to pay benefits, plaintiff would not have requested the SPD, and ENI would not now be liable under 29 U.S.C. § 1132(c)(1). Therefore, the Court finds that ENI’s cross-claim for contribution or indemnification under ERISA must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).
As for ENI’s contractual claim, First Reliance contends that this claim must also be dismissed, since “ENI points to no contract that requires First Reliance Standard to indemnify it. Nor does any such document exist.” (First Reliance’s Memo of Law [# 90], p. 9). That argument is incorrect, since ENI has identified the source of First Reliance’s alleged contractual obligations. Specifically, ENI alleges that First Reliance’s duty to indemnify arises pursuant to the insurance contract between the parties, which document does exist and is attached to the Cross-claim. (ENI Cross-claim [# 83], ¶ 1 & Exhibit 1). However, for the same reasons set forth above, the Court agrees that the cross-claim fails to state a cause of action for indemnity or contribution under the contract. The contract pertains to First Reliance’s obligation to provide disability insurance benefits. ENI does not allege, nor does the contract state, that First Reliance had any obligation to prepare a summary plan description. Therefore, ENI would have no basis to seek indemnification or contribution for the fine imposed herein pursuant to 29 U.S.C. *238 § 1132(c)(1)(B). Nor has ENI stated why First Reliance would have any duty to defend ENI on such a claim. Therefore, the Court finds that ENI’s cross-claim fails to state a claim, and must be dismissed.
CONCLUSION
The motion [# 79] by defendants ENI, Inc. Long Term Disability Plan and ENI Technology, Inc., to dismiss plaintiffs Second Amended Complaint is denied. The motion [# 86] by First Reliance Standard Life Insurance Company is denied as to plaintiff but is granted as to ENI, and ENI’s cross-claim is dismissed. Plaintiff is granted summary judgment, as to liability only, on the first cause of action, and is granted summary judgment on the second, third, and fourth causes of action. On the second cause of action, ENI is directed to pay a fine of $17,475.00 to plaintiffs counsel within 20 days of the date of this Decision and Order. The parties are directed to inform the Court in writing, within ten days of the date of this Decision and Order, whether or not they wish to conduct discovery with regard to damages on the first cause of action. Two earlier motions [# 58][# 64] directed at the amended complaint, which was superseded by the second amended complaint, are also denied as moot.[15]
So Ordered.

. An Order of the Honorable Jonathan W. Feldman, United States Magistrate Judge, states: "Defendants have agreed to pay plaintiff disability benefits due under the long term disability policy. Defense counsel has informed this Court that payment for back due benefits as well as current monthly benefits should begin shortly and shall continue so long as plaintiff meets the requirements of the disability policy.” (Scheduling Order [# 56], ¶ 1).

. The Court indicated that the second amended complaint would also include the various causes of action previously pled, with the understanding that the causes of action involving First Reliance would become moot upon First Reliance’s performance of its obligations under the settlement agreement reached that day. (Transcript of March 7, 2002 appearance, pp. 41-2).

. Transcript of March 7, 2002 appearance, pp. 42-43, 46

. During an appearance before the Court on March 7, 2002, counsel for First Reliance stated, "We are raising the white flag, paying everything in the policy.” (Transcript of March 7, 2002 appearance [# 84], p. 3).

. ENI claims that it merely needed information regarding First Reliance's "current claims procedure,” in order to prepare an "updated summary plan description” for plaintiff. However, since ENI never had a summary plan description, this statement is misleading. Despite ENI's transparent attempt to disguise the issue, it is not attempting to create an "updated” summary plan description, but rather, it is attempting to create a summary plan description for the first time. Moreover, at this juncture, ENI would have no need to determine First Reliance’s "current” claims procedures, since, presumably, the only relevant claims procedure would be the one that ENI and First Reliance agreed to utilize when ENI purchased the insurance policy in 1994. Unfortunately for ENI, however, the policy does not contain those procedures.

. The $110 per day maximum fine applies to violations occurring after July 29, 1997.

. The cover sheet of the document which ENI claimed was a "booklet explaining plaintiff's benefits” clearly identifies the document as an insurance policy.

. THE COURT: Stop. You said you sent him a plan summary, and he [Mr. Burkhart] said it’s an insurance policy. This is the problem. Either you sent him it and he's not telling me the truth, or you didn’t send him it and you’re not telling me the truth. What did you send him? MS. BOUSQUETTE: We sent him a certificate booklet. (Id., pp. 16-17).

. On October 29, 2001, Lisa Perticone, ENI’s Manager of Human Resources, stated in a sworn affidavit: “On August 9, 1999, ENI responded to Ms. Sunderlin’s attorney’s letter by providing her with a booklet explaining her insurance policy.’’ (Document [# 60], ¶ 7). On April 17, 2002, in another affidavit, Ms. Perticone stated: “On August 9, 1999, ENI responded to Ms. Sunderlin's attorney’s letter by providing her with a copy of the insurance policy that ENI uses as the summary plan description for the Plan.” (Document [# 80], ¶ 7).

.Similarly, the Plan, in its Answer to the Amended Complaint, denied that ENI was the plan administrator, and further denied that plaintiff was even a participant in the plan. (Plan Answer to the Amended Complaint [# 52], ¶¶ 5-6)(“Whether plaintiff was a participant in an employee welfare benefit plan is a legal conclusion to which an admission or denial is not required. To the extent an admission or denial is required, defendant Plan denies the same .... Whether ENI is the plan administrator is a legal conclusion to which an admission or denial is not required. To the extent an admission or denial is required, defendant Plan denies the same.”)

. To the extent that plaintiff may be seeking an injunction directing First Reliance to provide a summary plan description (See, Second Amended Complaint ¶ ¶ 21, 25), that request is denied, since First Reliance is not the plan administrator.

. In moving to dismiss the amended complaint, the plan argued that it had no liability, since “the Complaint refers to Plaintiff's attempt to obtain Plan documents from the Plan administrator but not the Plan itself.“(See, ENI Plan’s Reply Memo [# 47], p. 1)

. The Second Circuit has stated that "[contribution deals with allocating obligations *237 among co-defendants and/or third parties. The 'right of action’ for contribution is no more than a procedural device for equitably distributing responsibility for plaintiff's losses proportionately among those responsible for the losses, and without regard to which particular persons plaintiff chose to sue in the first instance. Chemung Canal Trust Co. v. Sovran Bank/Maryland, 939 F.2d 12, 15 (2d Cir.1991)(emphasis added), cert denied, 505 U.S. 1212, 112 S.Ct. 3014 (1992). Common law indemnification, on the other hand, involves the situation where "the proposed in-demnitor has breached a duty to a third party but the proposed indemnitee has paid the third party for the loss attributable to that breach.” Dep't of Econ. Dev. v. Arthur Andersen & Co. (USA), 747 F.Supp. 922 (S.D.N.Y.1990)(emphasis added) (citation omitted).

. First Reliance contends that ENI's claim for indemnification and contribution is barred by the U.S. Supreme Court's decision in Great-West Life and Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). However, the Second Circuit decided Smith v. Local 819 I.BT. Pension Plan more than four months after the Supreme Court's ruling in Great-West Life.

. The ENI Plan’s motion [# 58] for summary judgment and First Reliance's motion [# 64] for partial summary judgment were mooted by the filing of the Second Amended Complaint.